UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARK BROWN,

      Petitioner,

v.              9:19-CV-1525
                (DNH)

JOHN G. RICH, Elmira
Correctional Facility
Superintendent,

      Respondent.

---

APPEARANCES:           OF COUNSEL:

MARK BROWN
11-A-3283
Petitioner, pro se
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. <u>INTRODUCTION</u>

  Pro se petitioner Mark Brown ("Brown" or "petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as various supporting exhibits. Dkt. No. 1, Petition ("Pet."); Dkt. Nos. 1-1-1-4, Exhibits.

  On December 11, 2019, the Court administratively closed the action because it had not been properly commenced: Brown did not pay the statutory filing fee or file a properly certified in forma pauperis ("IFP") application. Dkt. No. 2.

  On December 30, 2019, the Court received the statutory filing fee, Dkt. Entry dated

12/30/19 (indicating receipt information for filing fee transaction), and Brown's case was reopened, Dkt. No. 3, Text Order dated 12/30/19 (reopening action).

## II. DISCUSSION

### A. The Petition

Brown challenges a 2011 conviction, pursuant to a guilty plea, from Schenectady County for second degree attempted robbery. Pet. at 1-2.[1] The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment of conviction; the New York Court of Appeals denied leave to appeal; and, on January 13, 2014, the United States Supreme Court denied his petition for a writ of certiorari. *Id.* at 2; *accord, People v. Brown*, 101 A.D.3d 1267 (3d Dep't 2012), *lv. denied*, 21 N.Y.3d 1014 (2013), *cert. denied*, 571 U.S. 1143 (2014).[2]

Brown also collaterally challenged his state court conviction by filing a motion to vacate pursuant to New York Criminal Procedure Law § 440.20 ("440 motion"), on January 30, 2019. Pet. at 3. The motion asserted that petitioner's sentence was illegally imposed, unlawful, and invalid as a matter of law given his re-sentencing and the court's inconsistent application of post-release supervision ("PRS"). *Id.* The 440 motion was denied on July 23, 2019. *Id.* On October 31, 2019, petitioner's application for leave to appeal the decision was also denied by the Third Department. *Id.* at 4, 6-7.

Brown argues that he is entitled to federal habeas relief because (1) his original

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] Petitioner indicates, in this petition, that he was unaware of the date when the Court of Appeals denied his leave to appeal. Pet. at 2. However, the Court found citations to these cases pursuant to its own independent research. Moreover, petitioner failed to disclose that he had filed a petition for certiorari with the Supreme Court. *Id.* at 3.

2

"sentence did not have . . . a mandatory component of PRS which made it invalid to use to [later] sentence [him] as a persistent [violent felony offender] and [(2)] the manner in which [the county court] . . . correct[ed petitioner's sentence] was not in accordance [with] the law." Pet. at 5-7. Petitioner indicated that the only motion he had previously filed regarding his 2011 conviction was the aforementioned 440 motion. *Id.* at 7-8.

### B. Petitioner's Prior Habeas Petitions

On March 10, 2014, this Court received a petition from Brown, pursuant to 28 U.S.C. § 2254, challenging the same conviction at issue in his current petition. *Brown v. Racette*, No. 9:14-CV-0262 (TJM) ("*Brown I*"), Dkt. No. 1, Petition.

On April 29, 2015, this Court entered a Decision and Order denying and dismissing the petition. *Brown I,* Dkt. No. 9. Specifically, *Brown I* held that (1) petitioner's claim that his waiver of the right to appeal was invalid was based on state law and did not entitle him to federal habeas relief, (2) petitioner's claim that his legal sentence was nevertheless harsh and severe was not cognizable, and (3) the Appellate Division's decision finding that petitioner was advised that sentencing could proceed in his absence, and of the potential sentence he faced if he failed to appear at sentencing, was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *Id.* at 8-15.

On July 17, 2017, this Court again received a petition from Brown, pursuant to 28 U.S.C. § 2254, challenging the same conviction at issue in his current petition. *Brown v. Chappius*, No. 9:17-CV-0779 (DNH/TWD) ("*Brown II*"), Dkt. No. 1, Petition.

On January 3, 2018, respondent requested the action be transferred to the Second Circuit as a successive petition. *Brown II*, Dkt. No. 17. On January 9, 2018, this Court

3

granted respondent's motion and the case was transferred. *Brown II*, Dkt. No. 18.

On April 3, 2018, the Second Circuit issued a Mandate for both of petitioner's aforementioned actions. *Brown I*, Dkt. No. 11, Mandate; *Brown II*, Dkt. No. 19, Mandate. In that Mandate, the Second Circuit denied petitioner's request to file a successive habeas petition because he failed to make "a prima facie showing that the requirements of 28 U.S.C. § 2244(b) [we]re satisfied." *Brown I*, Mandate at 1; *Brown II*, Mandate at 1.

Specifically, the Second Circuit held that

> [t]o the extent [p]etitioner raised any of the same claims in his first
> § 2254 petition, they are now barred . . . [and] even if all of
> [p]etitioner's present claims are deemed new, he has not . . .
> argued that his claims are based on a "new rule of constitutional
> law, made retroactive to cases on collateral review by the Supreme
> Court, that was previously unavailable," . . . Second, [p]etitioner
> has not made a showing that the factual predicates for his claims
> could not have been discovered previously through the exercise of
> due diligence . . . [i]nstead, the factual predicates for both of his
> claims were known to him prior to the filing of his first . . . petition.

*Brown I*, Mandate at 1-2; *Brown II*, Mandate at 1-2.

## C. <u>Analysis</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") restricted the ability of petitioners to file second or successive petitions.

A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every

4

numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).

Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Here, Brown does not acknowledge that he previously filed two habeas petitions or was already denied permission to file a successive habeas petition. In fact, he expressly denies it. Pet. at 7-8. However, the fact remains that petitioner has challenged his underlying 2011 criminal conviction, upon his guilty plea, for second degree attempted robbery from Schenectady County, in each of his petitions. *See* Pet. at 1-2; *Brown I*, Petition at 1-2; *Brown II*, Petition at 1-2. Accordingly, petitioner is again combating the same

5

judgment of conviction that he challenged before in his prior habeas petitions filed in this Court.

Further, Brown's first petition was denied and dismissed on the merits in 2015. *See Brown I*, Dkt. No. 9 at 8-15. Moreover, there is no basis for concluding that petitioner could not have raised in his previous petition the grounds for relief asserted in his present petition. In fact, this Court's decision denying petitioner's first habeas petition considered whether petitioner's (1) sentence was harsh and excessive and (2) rights were violated when he was sentenced *in absentia*. *Id.* at 10-15. Accordingly, it appears that petitioner's prior claims were related to those he now asserts.

Ordinarily, when a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the Circuit pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Torres*, 316 F.3d at 151-52.

The Court is skeptical that the Second Circuit will authorize petitioner to file his successive petition, given its previous Mandate, but in light of his pro se status, the petition will be transferred to the Second Circuit for review.

### III. **CONCLUSION**

Therefore, it is

ORDERED that

1. The Clerk of the Court shall transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive

habeas petition in the district court; and

    2.  The Clerk shall serve a copy of this Order on petitioner in accordance with the Local Rules.

    IT IS SO ORDERED.

Dated:  January 6, 2020
        Utica, New York.

_____
United States District Judge